IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2021 JUN -8 A 9:33
CLERK OF COURT

TESFAYE DUMESSA )
)
   Plaintiff )
)
        V. )
) Case No:
CONCORDIA WISCONSIN CAMPUS ) **21-C-0702**
)
   Defendant. )
)

## COMPLAINT

Plaintiff TESFAYE DUMESSA appears before this court seeking damages more than $ 280,000 from Defendant Concordia Wisconsin Campus, school of pharmacy. Such damages arise out of Concordia Wisconsin Campus's, school of pharmacy:(1) breach fits duty to the Plaintiff; (2) breach of the student handbook and policies in its decision to dismiss the plaintiff.

## PARTIES

1.    Plaintiff, TESFAYE DUMESSA, is a Citizen of Georgia and resides at 4220 Village Square Lane, Stone Mountain, GA 30083.

2.    Defendant, CONCORDIA UNIVERSITY WISCONSIN CAMPUS, is a Citizen of Wisconsin and resides at 12800 N. Lake Shore Drive Mequon, WI 53097.

1

## JURISDICTION AND VENUE

1. I am suing under the state law of Wisconsin. The court assumes diversity jurisdiction as the state citizenship of me the plaintiff is different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $864,000.

2. Venue is proper in this district because the events, transactions, and occurrences forming the factual nexus and subject matter of my complaint against Defendant Concordia Wisconsin took place within this district, State of Wisconsin.

## FACTS

1. I, Tesfaye Dumessa, was an admitted class of 2018 PharmD student of Concordia University Wisconsin School of pharmacy. I rejoined the University in 2015. I studied in the University until Feb 2019 this was my graduating year. Two months before being awarded my PharmD, I was expelled from Concordia University Wisconsin School of Pharmacy. Prior to my day of expulsion, on Thursday, Feb 14, 2019, I had a conversation with Dr. Michael Brown (an Academic Dean of student Affairs) who was primarily in charge of my case.

2. On that specific date, he gave me a heads up that I will receive an email concerning my studies after I explained to him that a preceptor at the infectious diseases APPE rotation was unfair to me. Though Dr. Michael Brown has mentioned about an email I should expect from the school's Progression Committee, I did not receive the email he mentioned until Monday the 18th of Feb 2019. I was completing the duties assigned

to me at my clinical ambulatory APPE rotation, when I received an email from the Progression Committee demanding that I find the time to have a conversation regarding my academic status based on the email they allege was sent to me on Friday Feb 14, 2019. I informed the member of the Progression Committee that I was currently in rotation and did not have time or proper preparation to meet with them on same day as the notice.

3. The Progression Committee demanded that I find a space to meet at the rotation site because the conversation could not be scheduled for another day. In addition, on that day I have a schedule to pick my children as soon as I finished rotation that I could not stay after rotation is over. They insisted and the meeting held on that day which took place during my rotation site. I was very stressful when they ask me questions about my poor performance in my most current APPE rotation without my full preparation to their answers; however, I was able to explain how I was graded unfairly from Dr. Piscitello. I also mentioned to the Progression Committee that I had some family concern that has also contributed for my stress and needed accumulation of my situation at that point.

4. The news of expulsion came as a shock to me two days after this meeting. I was aware that my performance in **my current rotation** was falling behind, but I believed that I could pass the course with at **least a grade of C** hence, I worked hard persistently until the last day of my rotation. **I explained to the Progression Committee that I have been having difficulties performing academically because of issues going on at home with my wife and children and the preceptor at the infectious rotation was unfair to me.** During my last meeting with Dr. Michael Brown, I explained my

3

situation, and **he told me that he must dismiss me from the program to make his job easier.** The decision **was final, but I was provided with an opportunity to appeal.** My appeal was denied after dismissal, but I was offered the opportunity to use my academic credits to graduate from Concordia University with **a Bachelor of Science in Pharmaceutical Science**. I was told that I would not be allowed back into the pharmacy program because **I was not a good fit**. I refused on the basis that I felt **I was not provided with a fair process by the Progression Committee as well as Dr. Michael Brown who knows my family circumstance from the day I was admitted to their program.**

5. In Concordia's Student Handbook for the School of Pharmacy, there are policies that explain how to carry out the disciplining of a student for academic misconduct. The **handbook specifies that a student can be academically disciplined up to three times for misconduct**. The formal process is under the first level of review for the initial misconduct. The second and third instances of misconduct are reviewed following the same process; however, I believe there were stricter sanctions imposed on me. This is because a student cannot be expelled or suspended until they have committed a third instance of academic misconduct. When I was expelled from CUW, I was subject to academic disciplinary process as established under a second review.

6. I had failed a prior rotation **in my fourth year, my first rotation in the pharmacy program** and had been reviewed and reprimanded as specified in the policy. I received a formal letter of reprimand from the Associate Dean for Academic Affairs informing me that I had received a letter grade of F in the course and that I was to repeat the

4

course as recommended by the APPE director Dr. Melissa Theesfeld under the second instance of misconduct followed the same process but included as mandated by the guidelines of the handbook. I met with Dr. Michael Brown who informed me that his sanction was expulsion to make his job easier by ignoring my dedication to finish the program that I worked hard for.

7. I attribute this stricter punishment on a letter that the Associate Dean of Academic Affairs (Dr. Michael Brown) received from preceptor Dr.Kyle Piscitello, who oversaw the infectious diseases' APPE rotation I failed. The letter to the Associate Dean recommended that I be expelled because I was not fit to be a pharmacist. Prior to knowing about this letter, I felt that Dr. Piscitello singled me out in my infectious diseases APPE rotation and treated me harshly as opposed to my other classmates. I am of African origin and Piscitello is white.

8. Dr. Piscitello's actions against me and CUW's adherence to those actions constitute discrimination because of race and national origin. CUW's altering of my academic disciplining process negatively affected my ability to gain my PharmD after acquiring over $280,000 in student loans. My educational expectations, livelihood, and status have been affected because of this. Although I have been accepted into another pharmacy program, I must complete an additional two year to gain my PharmD. **At CUW, I was only two months away from achieving my Pharmacy degree**. Prior to my dismissal, absent to her proper actions, **I have informed Dr. Melissa Theesfeld who is the APPE Director about Dr. Piscitello's harsh treatment** and attitude towards me as opposed to my other classmates. **I was arbitrarily dismissed from my program without proper resort to existing programs within progression and the**

5

**student's handbook including suspension, readmission, and remediation.**

## COUNT I: BREACH OF CONTRACT AND COVENANT

## OF GOOD FAITH AND FAIR DEALING

1. Plaintiff-alleges the allegation set forth in paragraphs 1-8 above and incorporates same herein by reference.

2. At all times relevant to this litigation, Defendant was in a contractual relationship with me and owed a duty to me to acting on good faith and deal fairly with me.

3. Such acts and omissions leading to the Defendant's breach of its duty to deal in good faith and fairly with me were the actual and proximate cause of harm to me.

4. Defendant's conduct was outrageous, with its acts being done with malice or bad motives or reckless indifference to the interests of me.

5. Defendant is liable in damages to me more than $504,000 the exact amount to be proven at trial.

## COUNT II: PUNITIVE DAMAGES

6. Plaintiff re-alleges the allegations set forth in Paragraphs 1-8 above and incorporates same herein by reference.

7. At all relevant times, Defendant owed me a duty to act with due care and regard for my rights, safety, and interests, including my financial interests.

8. Defendant breached that duty of due care, and such breaches constitute

6

outrageous conduct and reckless disregard of the rights, safety, and interests, including my financial interests.

9. Defendant's outrageous conduct towards me was done with malice or bad motives or reckless indifference to my interests.

10. Accordingly, Defendant is liable for damages to me more than **$360,000**, the exact amount to be proven at trial.

### PRAYER FOR RELIEF WHEREFORE

Plaintiff prays for the following relief:

(a) Judgment entered in favor of me and against Defendant and an award of **total compensatory damages of not less than $864,000 under count I and II.**

(b) Judgment entered in favor of Plaintiff and against Defendant **under Count II a punitive damage that is equivalent to $360,000.**

(c) Judgment entered in favor of Plaintiff and against Defendant for **pain and suffering under count I that is equivalent to $(200,000).**

(d) Award of pre-judgment interest, fees, costs, and post-judgment interest in favor of me and against Defendant that is equivalent to **$304,000 under count I**; and

(e) Such further and other legal and equitable relief as the Court may deem just and necessary under the circumstances.

DATED this 8 day of June 2021.

By: Tesfaye Dumessa

Phone 404-643-0082

7