UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TESFAYE DUMESSA,

   Plaintiff,

 v.           Case No. 21-cv-0702-bhl

CONCORDIA UNIVERSITY WISCONSIN CAMPUS,

   Defendant.

## ORDER GRANTING MOTION TO DISMISS

On March 9, 2022, the Court granted Defendant Concordia University's motion to dismiss *pro se* Plaintiff Tesfaye Dumessa's complaint under Fed. R. Civ. P. 12(b)(6), concluding that Dumessa had pleaded himself out of court. (ECF No. 19.) Because Dumessa was proceeding *pro se* and the dismissed complaint represented just his first attempt at stating a claim, the Court granted him leave to amend to try to replead. (*Id.*) He took the Court up on its offer, filing his amended complaint on March 30, 2022. (ECF No. 20.) Concordia has again moved to dismiss. (ECF No. 21.) Because Dumessa's amended complaint contains the same self-defeating facts that doomed his first one, Concordia's motion must be granted, and, this time, the dismissal will be with prejudice.

## FACTUAL BACKGROUND

Dumessa's amended complaint is especially short on facts. It alleges that Concordia improperly dismissed him from its pharmacy program just two months before he was set to receive his degree. (ECF No. 20 at 2.) The dismissal occurred after Dumessa *failed* two clinical rotations. (*Id.* at 3.) While admitting his failures, Dumessa argues that the student handbook required Concordia to offer him the chance to take remediation classes before he could be dismissed outright. (*Id.*)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*,

817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). Normally, this is to the plaintiff's benefit. However, in some circumstances, a plaintiff may "plead [himself] out of court by pleading facts that establish an impenetrable defense to [his] claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006)). This occurs "'when it would be necessary to contradict the complaint in order [for the plaintiff] to prevail on the merits.'" *Blagojevich*, 526 F.3d at 1086 (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)). Assuming the plaintiff does not plead himself out of court, his complaint will survive if it "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the plaintiff must offer more than conclusory statements and "threadbare recitals of a cause of action's elements." *Id.* at 663.

## ANALYSIS

Concordia argues that Dumessa's amended complaint repeats the mistakes of his original pleading. (ECF No. 21 at 1.) A comparison of the two documents shows he raises the same, previously dismissed, claims for breach of contract and breach of duty of fair dealing. (ECF Nos. 1, 20.) And, more importantly, he pleads the same facts that the Court already found fatal to those legal theories. As a *pro se* plaintiff, Dumessa is entitled to some leniency. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts should evaluate *pro se* pleadings with an eye toward substantial justice). But that does not exempt him from compliance with procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 756 (7th Cir. 2008). Because Dumessa's claims are once again self-defeating, Concordia's motion to dismiss must be granted.

## I.     Dumessa Has Again Pleaded Himself Out of Court on His Breach of Contract Claim.

As he did in his initial complaint, Dumessa pleads a breach of contract claim premised on Concordia's alleged failure to follow the disciplinary procedures promulgated in its student handbook. (ECF No. 20 at 3.) But, just as last time, Dumessa misreads what the handbook requires and pleads facts that justify Concordia's decision and defeat his claim. (ECF No. 19 at 3-4.)

As detailed more fully in the Court's previous order, Dumessa alleges that Concordia breached the contract contained in its student handbook by dismissing him without offering him a chance for remediation under the handbook's "Academic Conduct Policy." (ECF No. 14-1 at 15.)

That provision applies to conduct like cheating and plagiarism and affords violators "three strikes" prior to dismissal. (*Id.*) But Dumessa, by his own admission, was not dismissed for violations of the academic conduct policy; he was dismissed for poor academic performance, an issue that falls under a different part of the handbook, the "Academic Progression" policy. (*Id.* at 19-21.) The Academic Progression policy contains no "three strikes" provision. Rather, it merely permits, but does not require, Concordia to allow "remediation and the opportunity to continue progression through the curriculum despite setbacks in courses." (*Id.* at 20.) In other words, under the handbook, Concordia is not contractually *obligated* to offer Dumessa a chance at remediation before dismissing him for poor academic performance. While remediation was one option, dismissal was another. By admitting that he failed classes, and that the handbook permitted Concordia to dismiss him as a result, Dumessa has established "an impenetrable defense" to his breach of contract claim. *Blagojevich*, 526 F.3d at 1086. Accordingly, that claim must be dismissed.

## II.    Dumessa Has Also, Once Again, Pleaded Himself Out of Court on His Breach of Duty of Good Faith and Fair Dealing Claim.

Dumessa's breach of duty of good faith and fair dealing claim appears, once again, to be based on the notion that Concordia acted arbitrarily or in bad faith when it dismissed him. (ECF No. 20 at 3.) But this time, the allegations in support are even sparser. (*Compare* ECF No. 1 at 4-5, *with* ECF No. 20 at 3.) In fact, Dumessa seems to rest his claim entirely on preceptor Dr. Kyle Piscitello's (mistakenly called "Pristello" in the amended complaint) absence from the infectious disease rotation site. (ECF No. 20 at 3.)

Wisconsin courts have held that "a university, college, or school may" enforce the explicit provisions of its handbook, so long as it does "not arbitrarily or capriciously dismiss a student or deny to him the right to continue his course of study therein." *Frank v. Marquette Univ.*, 245 N.W. 125, 127 (Wis. 1932). "The test for arbitrary or capricious dismissal is whether the dismissal is based on sufficient reasons; if a school has sufficient reasons for dismissal . . . the court will not interfere." *Cosio v. Medical Coll. of Wis., Inc.*, 407 N.W.2d 302, 305 (Wis. Ct. App. 1987) (citing *Frank*, 245 N.W. at 127).

Last time around, the Court held that Dumessa could not contest that Concordia had sufficient reason to dismiss him because he admitted that he had failed two required classes. (ECF No. 19 at 4-5.) This reasoning still applies. Nothing in the amended complaint genuinely alleges

that Concordia exercised its right to dismiss Dumessa in bad faith. To the contrary, Dumessa's pleadings supply Concordia with a legitimate justification for his dismissal. Therefore, this claim must once again be dismissed.

## III. Dismissal With Prejudice Is Proper.

"[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). But extra chances are not limitless. Where the plaintiff fails on his second attempt, the Court has "'broad discretion to deny leave to amend'" for a number of reasons, including "'repeated failure to cure deficiencies.'" *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Dumessa has had two chances to make his case. On both occasions, he has raised the same claims alongside the same self-defeating facts. The Court is satisfied that any additional attempts would be futile, so this time the action will be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss, ECF No. 21, is **GRANTED**, and the case is **dismissed** with prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 22, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge